RADER, Circuit Judge,
concurring in part.
I join the majority opinion on all points except the anticipation determination. Examining the record in this case, I think the district court did make a proper finding regarding anticipation. Therefore, in my view, the case does not require a remand. This court’s opinion states that the reason the district court determined that the '814 patent was not anticipated by the '940 patent was because “the [district] court apparently determined that even though formula I of the '940 patent disclosed riluzole, the formula did not anticipate the '814 patent because it did not disclose riluzole as being effective for treating ALS.” Majority Opinion, 1380. Thus, citing Rasmusson v. SmithKline Beecham Corp., 413 F.3d 1318, 1325-26 (Fed.Cir.2005), the majority opinion remands because a “reference need not demonstrate utility” for anticipation. Majority Opinion, 1381-82.
While the trial court referred to effectiveness, its findings go beyond that narrow ruling and suffice to uphold its judgment. For example, the district court noted first that formula I encompasses a particularly large number of compounds. Impax Labs., Inc. v. Aventis Pharms., Inc., 333 F.Supp.2d 265, 271-72 (D.Del.2004). In addition, the district court examined the specification of the '940 patent and determined that riluzole was not meaningfully discussed in the treatment of medical conditions associated with the effects of glutamate. Id. at 272. Moreover, the court determined that the language of the '940 patent itself created “substantial uncertainty” regarding use of *1385 glutamate inhibiting compounds in the treatment of ALS. Id. The court determined that the language in the patent discussing conditions implicating glutamate to be speculative, at best. Id. Thus, I read the district court to have found that the '940 disclosure did not put one of skill in the art in possession of the invention at all. Elan Pharms., Inc. v. Mayo Found., 346 F.3d 1051, 1057 (Fed.Cir.2003). When it found that the disclosure leaves “substantial uncertainty,” the trial court sufficiently supported its holding. Id. The '940 disclosure does not make it a potential treatment in any way.
Further, the majority opinion provides even more evidence that the '940 patent is not an enabling reference for the purposes of anticipating the '814 patent. For example, the opinion notes that the '940 patent was considered by the examiner during prosecution and not considered a prior art reference to support a rejection of the claims. Majority Opinion, 1380-81. In addition, the opinion points out that Im-pax’s own expert “was unable to identify any specific teaching in the '940 patent that would have led one to riluzole.” Id. Further, Aventis’ expert found that the disclosure of the '940 patent would not have given a person a reasonable expectation of success in treating ALS. Id. at 1381. Once again, the record — even beyond the parts cited by the trial judge— show no anticipation.
Anticipation does not require proof of “utility,” or (in other words) “actual performance of suggestions in a disclosure,” Bristol-Myers Squibb Co. v. Ben Venue Labs., 246 F.3d 1368, 1378 (Fed.Cir.2001), but in this case, the district court has found that the disclosure does not make even a suggestion of disclosure to one of skill in the art. Beyond the efficacy question, the '940 patent does not even disclose the necessary suggestion to enable one of ordinary skill in the art to look to riluzole for the treatment of ALS in the first place. Thus, I would affirm the district court’s determination of anticipation without requiring a remand in this case.